IN THE UNITED STATES NORTHERN DISTRICT COURT OF GEORGIA



MONTAVIUS TALLEY

PLANTIFF             Case NO:1:23:CV-3636-VMC

V.

EXETER FINANCE
BRAD MARTIN, JASON GRUBB

Defendants

MONTAVIOUS TALLEY PETITION,COMPLAINT,and claim under Authority of 42 USC 1983
            JURISDICTIONAL STATEMENT

MONTAVIUS TALLEY petition, complaint, and claim under
authority of 42 USC 1983

## Jurisdictional statement

This court has subject matter jurisdiction to consider this claim. Although this claim tenders for review of a state court judgment, this court is noticed: the state court judgment is void as articulated *infra*. There are exceptions to the *Rooker/Fedlman* doctrine when the state court judgment was *procured through fraud, deception, accident, or mistake Sun Valley Foods Co. v. Detroit Marine Terminals, Inc.* 801 F.2d 186, 189(6th Cir. 1985)(quoting Resolute Ins. Co. v. *North Carolina* 397 F.2d 586, 589 (4th Cir. 1968)). *Rooker/Feldman* will not apply when the party had no reasonable opportunity to raise his federal claim in state proceedings, *Wood v. Orange County*, 715 F.2d 1543, 1547 (11th Cir. 1983), cert. Denied, 467 U.S. 1210, 104 S. Ct. 2398, 81 L. Ed. 2d 355 (1984). If the state court did not have subject matter jurisdiction over the prior action, its orders would be void *ab initio* and subject to attack notwithstanding *Rooker/Feldman, James v. Draper* (In re. Lake), 202 B.R. 754, 758 (B.A.P. 9th Cir. 1996). A state court judgment is subject to collateral attack if the state court lacked jurisdiction over the subject matter or the parties, or the judgment was procured through extrinsic fraud. Exception to the *Rooker/Feldman* rule comes into play when the state proceedings are considered a legal nullity, and thus, are void *ab intio*. See *Kalb v. Fuerstein*, 308 U.S. 433, 438-40 (1940). Where specific federal statue (such as 18 USC 1964(a)) specifically authorizes review, the *Rooker/Feldman* doctrine is inapplicable. See *Plyer v. Love*, 129 F. 3d 728, 732 (4th Cir. 1997), *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1992), and *In re: Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000)

- 159 -

SN SERVICING CORPORATION & NATIONS CREDIT HOME EQUITY SERVICES CORPORATION by and thru , Jonathan D McCollister conspired with state actor Maryann Sumi under color of law to deprive Joyce  H Rhino and Joseph W. Rhino of  Federally Protected Rights reserved under The Fifth Amendment of The United States Constitution, specifically applying to the color of law actions of Jonathan D Mc Collister and Maryann Sumi. under authority of The Fourteenth Amendment of The United States Constitution.

 CAUSE  OF ACTION: McCollister and Maryann Sumi conspired to deprive and did deprive  Joyce H Rhino and Joseph W.Rhino of property with out due process of law .As a result  of the damage to the rights of Joyce Rhino and Joseph W Rhino ,,the Rhinos have damage in fact exceeding two hundred eighty -nine thousand ,six hundred twenty one dollars . of McCallister practiced intrinsic fraud by falsely claiming that SN SERVICING CORPORATIONs had a claim against the Rhinos.Sumi compounded the fraud by claiming all the material allegations of SN SERVICING CORPORATION were proven and true. The record made in case number 02-CV-3461, Dane County,,Wisconsin , **does not verify:** That SN SERVICING CORPORATION had standing to bring suit against the Rhinos and SN SERVICING CORPORATION did not prove damages by the Rhinos.
(in this area, tell why the judgment is void – lack of personal jurisdiction, failure to notice under the fair debt collections practices act when domesticating judgment0

Memorandum of law in support of the point of law that  even
in a default judgment, damages must be proved

**Even with a default judgment, DAMAGES MUST BE PROVED BY EVIDENCE ENTERED ON THE RECORD**. For example, see *American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859 (8th Cir. 07/25/2001).

Memorandum of law in support of the point of law that a void judgment cannot operate

**Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties**, *Wahl v. Round Valley Bank* 38 Ariz. 411, 300 P. 955

(1931); *Tube City Mining & Milling Co. v. Otterson,* 16 Ariz. 305, 146 P. 203 (1914); and *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940). <u>A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court,</u> *Long v. Shorebank Development Corp.,* 182 F.3d 548 ( C.A. 7 Ill. 1999). <u>A void judgment is one which, from its inception, was a complete nullity and without legal effect,</u> *Lubben v. Selevtive Service System Local Bd. No. 27,* 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972). A void judgment is one which from the beginning was complete nullity and without any legal effect, *Hobbs v. U.S. Office of Personnel Management,* 485 F.Supp. 456 (M.D. Fla. 1980). Void judgment is one that, from its inception, is complete nullity and without legal effect, *Holstein v. City of Chicago,* 803 F.Supp. 205, reconsideration denied 149 F.R.D. 147, affirmed 29 F.3d 1145 (N.D. Ill 1992). <u>Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process,</u> U.S.C.A. Const. Amend. 5 – *Triad Energy Corp. v. McNell* 110 F.R.D. 382 (S.D.N.Y. 1986). <u>Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process,</u> Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const. Amend. 5 – *Klugh v. U.S.,* 620 F.Supp. 892 (D.S.C. 1985). A void judgment is one which, from its inception, was, was a complete nullity and without legal effect, *Rubin v. Johns,* 109 F.R.D. 174 (D. Virgin Islands 1985). <u>A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a right, of no legal force and effect whatever, and incapable of enforcement in any manner or to any degree</u> – *Loyd v. Director, Dept. of Public Safety,* 480 So. 2d 577 (Ala. Civ. App. 1985). <u>A judgment shown by evidence to be invalid for want of jurisdiction is a void judgment or at all events has all attributes of a void judgment,</u> *City of Los Angeles v. Morgan,* 234 P.2d 319 (Cal.App. 2 Dist. 1951). <u>Void judgment which is subject to collateral attack, is simulated judgment devoid of any potency because of jurisdictional defects,</u> *Ward v. Terriere,* 386 P.2d 352 (Colo. 1963). A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it and defect of jurisdiction may relate to

a party or parties, the subject matter, the cause of action, the question to be determined, or relief to be granted, *Davidson Chevrolet, Inc. v. City and County of Denver,* 330 P.2d 1116, certiorari denied 79 S.Ct. 609, 359 U.S. 926, 3 L.Ed. 2d 629 (Colo. 1958). <u>Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inherent power to make or enter particular order involved and such a judgment may be attacked at any time,</u> either directly or collaterally, *People v. Wade,* 506 N.W.2d 954 (Ill. 1987). Void judgment may be defined as one in which rendering court lacked subject matter jurisdiction, lacked personal jurisdiction or acted in manner inconsistent with due process of law *Eckel v. MacNeal,* 628 N.E.2d 741 (Ill. App. Dist. 1993). Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inherent power to make or enter particular order involved; such judgment may be attacked at any time, either directly or collaterally *People v. Sales,* 551 N.E.2d 1359 (Ill.App. 2 Dist. 1990). <u>Res judicata consequences will not be applied to a void judgment which is one which, from its inception, is a complete nullity and without legal effect</u>, *Allcock v. Allcock* 437 N.E. 2d 392 (Ill. App. 3 Dist. 1982). Void judgment is one which, from its inception is complete nullity and without legal effect *In re Marriage of Parks,* 630 N.E. 2d 509 (Ill.App. 5 Dist. 1994). Void judgment is one entered by court that lacks the inherent power to make or enter the particular order involved, and it may be attacked at any time, either directly or collaterally; such a judgment would be a nullity *People v. Rolland* 581 N.E.2d 907, (Ill.App. 4 Dist. 1991). <u>Void judgment under federal law is one in which rendering court lacked subject matter jurisdiction over dispute or jurisdiction over parties, or acted in manner inconsistent with due process of law or otherwise acted unconstitutionally in entering judgment,</u> U.S.C.A. Const. Amed. 5, *Hays v. Louisiana Dock Co., 452 n.e.2D* 1383 (Ill. App. 5 Dist. 1983). <u>A void judgment has no effect whatsoever and is incapable of confirmation or ratification,</u> *Lucas v. Estate of Stavos,* 609 N. E. 2d 1114, rehearing denied, and transfer denied (Ind. App. 1 dist. 1993). Void judgment is one that from its inception is a complete nullity and without legal effect *Stidham V. Whelchel,* 698 N.E.2d 1152 (Ind. 1998). Relief form void judgment is available when trial court lacked either personal or subject matter jurisdiction, *Dusenberry v. Dusenberry,* 625 N.E. 2d 458 (Ind.App. 1 Dist. 1993). Void judgment is one rendered by court which lacked personal or subject matter jurisdiction or acted in

manner inconsistent with due process, U.S.C.A. Const. Amends. 5, 14 *Matter of Marriage of Hampshire,* 869 P.2d 58 ( Kan. 1997). Judgment is void if court that rendered it lacked personal or subject matter jurisdiction; void judgment is nullity and may be vacated at any time, *Matter of Marriage of Welliver,* 869 P.2d 653 (Kan. 1994). A void judgment is one rendered by a court which lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process *In re Estate of Wells,* 983 P.2d 279, (Kan. App. 1999). Void judgment is one rendered in absence of jurisdiction over subject matter or parties 310 N.W. 2d 502, (Minn. 1981). A void judgment is one rendered in absence of jurisdiction over subject matter or parties, *Lange v. Johnson,* 204 N.W.2d 205 (Minn. 1973). <u>A void judgment is one which has merely semblance, without some essential element, as when court purporting to render is has no jurisdiction,</u> *Mills v. Richardson,* 81 S.E. 2d 409, (N.C. 1954). A void judgment is one which has a mere semblance, but is lacking in some of the essential elements which would authorize the court to proceed to judgment, *Henderson v. Henderson,* 59 S.E. 2d 227, (N.C. 1950). Void judgment is one entered by court without jurisdiction to enter such judgment, *State v. Blankenship* 675 N.E. 2d 1303, (Ohio App. 9 Dist. 1996). <u>Void judgment, such as may be vacated at any time is one whose invalidity appears on face of judgment roll,</u> *Graff v. Kelly,* 814 P.2d 489 (Okl. 1991). A void judgment is one that is void on face of judgment roll, *Capital Federal Savings Bank v. Bewley,* 795 P.2d 1051 (Okl. 1990). <u>Where condition of bail bond was that defendant would appear at present term of court, judgment forfeiting bond for defendant's bail to appear at subsequent term was a void judgment within rule that laches does not run against a void judgment</u> *Com. V. Miller,* 150 A.2d 585 (Pa. Super. 1959). A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment, *State v. Richie,* 20 S.W.3d 624 (Tenn. 2000). Void judgment is one which shows upon face of record want of jurisdiction in court assuming to render judgment, and want of jurisdiction may be either of person, subject matter generally, particular question to be decided or relief assumed to be given, *State ex rel. Dawson v. Bomar,* 354 S.W. 2d 763, certiorari denied, (Tenn. 1962). A void judgment is one which shows upon face of record a want of jurisdiction in court assuming to render the judgment, *Underwood v. Brown,* 244 S.W. 2d 168 (Tenn. 1951). A void judgment is one which shows on face of record the want of jurisdiction in court assuming

to render judgment, which want of jurisdiction may be either of the person, or of the subject matter generally, or of the particular question attempted to decided or relief assumed to be given, *Richardson v. Good*, 237 S.W. 2d 577, (Tenn.Ct. App. 1950). <u>Void judgment is one which has no legal force or effect whatever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are affected at any time and at any place and it need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed,</u> *City of Lufkin v. McVicker,* 510 S.W. 2d 141 (Tex. Civ. App. – Beaumont 1973). A void judgment, insofar as it purports to be pronouncement of court, is an absolute nullity, *Thompson v. Thompson,* 238 S.W.2d 218 (Tex.Civ.App. – Waco 1951). <u>A void judgment is one that has been procured by extrinsic or collateral fraud,</u> or entered by court that did to have jurisdiction over subject matter or the parties, *Rook v. Rook,* 353 S.E. 2d 756, (Va. 1987). <u>A void judgment is a judgment, decree, or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved,</u> *State ex rel. Turner v. Briggs*, 971 P.2d 581 (Wash. App. Div. 1999). <u>A void judgment or order is one that is entered by a court lacking jurisdiction over the parties or the subject matter, or lacking the inherent power to enter the particular order or judgment, or where the order was procured by fraud,</u> *In re Adoption of E.L.,* 733 N.E.2d 846, (Ill.App. 1 Dist. 2000). Void judgments are those rendered by court which lacked jurisdiction, either of subject matter or parties, *Cockerham v. Zikratch,* 619 P.2d 739 (Ariz. 1980). Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of person or subject matter, and judgments procured through fraud, and such judgments may be attacked directly or collaterally, *Irving v. Rodriquez,* 169 N.E.2d 145, (Ill.app. 2 Dist. 1960). <u>Invalidity need to appear on face of judgment alone that judgment or order may be said to be intrinsically void or void on its face, if lack of jurisdiction appears from the record,</u> *Crockett Oil Co. v. Effie,* 374 S.W.2d 154 ( Mo.App. 1964). Decision is void on the face of the judgment roll when from four corners of that roll, it may be determined that at least one of three elements of jurisdiction was absent: (1) jurisdiction over parties, (2) jurisdiction over subject matter, or (3) jurisdictional power to pronounce particular judgment hat was rendered, *B & C Investments, Inc. v. F & M Nat. Bank & Trust,* 903

P.2d 339 (Okla. App. Div. 3, 1995). Void order may be attacked, either directly or collaterally, at any time, *In re Estate of Steinfield*, 630 N.E.2d 801, certiorari denied, See also *Steinfeld v. Hoddick*, 513 U.S. 809, (Ill. 1994). Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court, *People ex rel. Brzica v. Village of Lake Barrington*, 644 N.E.2d 66 (Ill.App. 2 Dist. 1994). While voidable orders are readily appealable and must be attacked directly, void order may be circumvented by collateral attack or remedied by mandamus, *Sanchez v. Hester*, 911 S.W.2d 173, (Tex.App. – Corpus Christi 1995). Arizona courts give great weight to federal courts' interpretations of Federal Rule of Civil Procedure governing motion for relief from judgment in interpreting identical text of Arizona Rule of Civil Procedure,

*Estate of Page v. Litzenburg*, 852 P.2d 128, review denied (Ariz.App. Div. 1, 1998). <u>When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory,</u> *Orner v. Shalala*, 30 F.3d 1307, (Colo. 1994). <u>Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside,</u> *Jaffe and Asher v. Van Brunt*, S.D.N.Y.1994. 158 F.R.D. 278. <u>A "void judgment" as we all know, grounds no rights, forms no defense to actions taken there under, and is vulnerable to any manner of collateral attack (thus here, by ). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been.</u> 10/13/58 *FRITTS v. KRUGH*.

SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354 Mich. 97.<u>**On certiorari this Court may not review questions of fact.** ***Brown v. Blanchard*, 39 Mich 790. It is not at liberty to determine disputed facts (*Hyde v. Nelson*, 11 Mich 353), nor to review the weight of the evidence.** ***Linn v. Roberts*, 15 Mich 443; *Lynch v. People*, 16 Mich 472.** *Certiorari is an appropriate remedy to get rid of a void judgment, one which there is no evidence to sustain. Lake Shore & Michigan Southern Railway Co. v. Hunt*, 39 Mich 469.</u>

Memorandum of law in support of the point of law that a void
judgment is not void when declared void but is void *ab initio*

If the trial court was without subject matter jurisdiction of defendant's case, his conviction and sentence would be void *ab initio*. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941.

Memorandum of law in support of the point of law that party seeking to vacate a void
judgment is invoking the ministerial powers of the court / courts lack discretion when it
comes to vacating void judgments

When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory, *Orner v. Shalala*, 30 F.3d 1307, (Colo. 1994). See also, *Thomas*, 906 S.W.2d at 262 (holding that trial court has not only power but duty to vacate a *void judgment*). For other authorities concurring, see *Allied Fidelity Ins. Co. v. Ruth*, 57 Wash. App. 783, 790, 790 P.2d 206 (1990),*Bd. of Revision* (2000), 87 Ohio St.3d 363, 368, *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998), <u>Chavez v. County of Valencia, 86 N.M. 205, 521 P.2d 1154 (1974)</u>, *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty, Cleveland Electric Illuminating Company v. Finesilver*, No. 69363 (Ohio App. Dist.8 04/25/1996), *In re Marriage of Brighterowski*, 50 Wash. App. 633, 635, 749 P.2d 754 (1988); *Brickum Inv. Co. v. Vernham Corp*., 46 Wash. App. 517, 520, 731 P.2d 533 (1987), *In re: Thomas*, 906 S.W.2d at 262, *In re: Weaver Constr*., 190 Colo. at 232, 545 P.2d at 1045, *Leen*, 62 Wash. App. at 478, *Lubben v. Selective Serv. Sys. Local Bd*. No. 27, 453 F.2d 645, 649, (1st Cir. 1972),*Good v. Kitsap County*, 59 Wash. App. 177, 180-81, 797 P.2d 516 (1990), *Love v. Packer,* 174 N.C. 665, 94 S.E. 449, 450, *Patton v. Diemer* (1988), 35 Ohio St.3d 68 *Roller v. Holly*, 176 U.S. 398, 409, *Small v. Batista*, 22 F. Supp.2d 230, 231 (S.D.N.Y. 1998), <u>Wright & A. Miller</u>, FEDERAL PRACTICE AND PROCEDURE, (1973) ,Civil § 2862.

Memorandum in support of the point of law that when jurisdiction is challenged, the
party claiming that the court has jurisdiction has the legal burden to prove that
jurisdiction was conferred upon the court through the proper procedure.
Otherwise, the court is without jurisdiction.

Whenever a party denies that the court has subject-matter jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject matter jurisdiction to provide evidence from the record of the case that the court holds subject-matter jurisdiction. *Bindell v City of Harvey*, 212 Ill.App.3d 1042, 571 N.E.2d 1017 (1st Dist. 1991) ("the burden of proving jurisdiction rests upon the party asserting it."). Until the plaintiff submits uncontroversial evidence of subject-matter jurisdiction to the court that the court has subject-matter jurisdiction, the court is proceeding without subject-matter jurisdiction. *Loos v American Energy Savers, Inc.*, 168 Ill.App.3d 558, 522 N.E.2d 841(1988)("Where jurisdiction is contested, the burden of establishing it rests upon the plaintiff."). The law places the duty and burden of subject-matter jurisdiction upon the plaintiff. Should the court attempt to place the burden upon the Plantiff, the court has acted against the law, violates the defendant's due process rights, and the judge has immediately lost subject-matter jurisdiction.

## Conclusion and remedy sought

Determination by this court that Jonathan D McCollister cannot produce from the record made in case number 02-CV-3461, Dane County, Wisconsin, both the offer of presentment of the original promissory note giving rise to the Rhinos' obligation to SN SERVICING CORPORATION and the account and general ledger statement showing all receipts and disbursement on the alleged defaulted loan signed and dated by the auditor who prepared the account and general ledger statement requires vacation of the void judgment in case number 02-CV-3461, Dane County, Wisconsin as a matter of law together with whatever other damages and relief this court may find reasonable, lawful, and just.

Prepared and submitted by: *Montavius Talley*

Montavius Talley

State of Georgia
Northern District Court

Montavius Talley

      Plaintiff,

Vs.                        Case No 1:23-CV-3636-VMC

Exeter Finance ,Jason Grubb,BRAD MARTIN

      Defendants.

_____/

### Plantiffs  motion for summary judgment

#### Brief in support

Montavius Talley move this court for summary judgment of this court in favor of Montavius Talley .

- 54 -

Affidavit

I, Montavious Talley  of age and competent to testify, state as follows based on my own personal knowledge:

1.      I am not in receipt of any document which verifies that Exeter Finance has standing to sue in any Georgia court by virtue of being duly registered as "Exeter Finance ," or by "Exeter Finance " meeting the minimum contacts requirements for *in personam* jurisdiction.

2.      I am not in receipt of any document  which verifies that I have a contract with Exeter Finance..

3.      I am not in receipt of any document  which verifies that I owe Exeter Finance money. 4. I am not in receipt of any document  which verifies that Exeter Finance authorized this action or is even aware of it.

5. As a result of the harassment of Brad Martin ,Jason Grubb , I have been damaged financially, socially, and emotionally.

*Montavious Talley*

Montavius  Talley

STATE OF _Georgia_                    INDIVIDUAL   ACKNOWLEDGMENT
COUNTY OF _Clayton_
Before me, the undersigned, a Notary Public in and for said County and State on this _16_ day of _Nov_ , 20_23_, personally appeared _Montavius Talley_ to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.
My commission expires _March 22,2026_         _Theodosia L White_
_____                                   Notary Public

Affidavit

I,  Montavius Talley , of age and competent to testify, state as follows based on my own personal knowledge:

1. I am not in receipt of any document which verifies that Exeter Finance  has standing to sue in any Georgia court by virtue of being duly registered as "Ex Finance ," or by "Exeter Finance " meeting the minimum contacts requirements for *in personam* jurisdiction.

THEODOSIA L WHITE
NOTARY PUBLIC
CLAYTON COUNTY
STATE OF GEORGIA
My Comm. Expires Mar. 22, 2026

2. I am not in receipt of any document which verifies that I have a contract with Exeter Finance..

3. I am not in receipt of any document which verifies that I owe Exeter Finance money.

4. I am not in receipt of any document which verifies that Exeter Finance authorized this action or is even aware of it.

5. As a result of the harassment of Brad's Martin and Jason Grubb I have been damaged financially, socially, and emotionally.

_Montavius Talley_
Montavius Talley

STATE OF _Georgia_                     INDIVIDUAL    ACKNOWLEDGMENT
COUNTY OF _Clayton_

Before me, the undersigned, a Notary Public in and for said County and State on this _16_ day of _Nov_ , 200_3_, personally appeared _Montavius Talley_ to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written. My commission expires _MARch 22.2026_                     _Theodosia L. White_
_____ Notary Public

THEODOSIA L WHITE
NOTARY PUBLIC
CLAYTON COUNTY
STATE OF GEORGIA
My Comm. Expires Mar. 22, 2026

Memorandums of law

Memorandum of law in support of the point of law that
party alleging to be creditor must prove standing

Exeter Finance has failed or refused to produce the actual note which Exeter Finance alleges Montavius Talley owe. Where the complaining party cannot prove the existence of the note, then there is no note. To recover on a promissory note, the plaintiff must prove: (1) the existence of the note in question; (2) that the party sued signed the note; (3) that the plaintiff is the owner or holder of the note; and (4) that a certain balance is due and owing on the note. See In Re: *SMS Financial LLc. v. Abco Homes, Inc.* No.98-50117 February 18, 1999 (5th Circuit Court of Appeals.) Volume 29 of the New Jersey Practice Series, Chapter 10 Section 123, page 566, emphatically states, "...; and no part payments should be made on the bond or note unless the person to whom payment is made is able to produce the bond or note and the part payments are endorsed thereon. It would seem that the mortgagor would normally have a Common law right to demand production or surrender

- 56 -



of the bond or note and mortgage, as the case may be. See Restatement, Contracts S 170(3), (4) (1932); C.J.S. Mortgages S 469 in *Carnegie Bank v Shalleck* 256 N.J. Super 23 (App. Div 1992), the Appellate Division held, "When the underlying mortgage is evidenced by an instrument meeting the criteria for negotiability set forth in N.J.S. 12A:3-104, the holder of the instrument shall be afforded all the rights and protections provided a holder in due course pursuant to N.J.S. 12A:3302" Since no one is able to produce the "instrument" there is no competent evidence before the Court that any party is the holder of the alleged note or the true holder in due course. New Jersey common law dictates that the plaintiff prove the existence of the alleged note in question, prove that the party sued signed the alleged note, prove that the plaintiff is the owner and holder of the alleged note, and prove that certain balance is due and owing on any alleged note. Federal Circuit Courts have ruled that the only way to prove the perfection of any security is by actual possession of the security. See *Matter of Staff Mortg. & Inv. Corp.,* 550 F.2d 1228 (9th Cir 1977), "Under the Uniform Commercial Code, the only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or bailee." Bankruptcy Courts have followed the Uniform Commercial Code. *In Re Investors & Lenders, Ltd.* 165 B.R. 389 (Bkrtcy.D.N.J.1994), "Under the New Jersey Uniform Commercial Code (NJUCC), promissory note is "instrument," security interest in which must be perfected by possession ..."

Memorandum of law in support of the point of law that to prove  damages in foreclosure of a debt, party must enter the account and general ledger statement into the record through a competent fact witness

To prove up claim of damages, foreclosing party must enter evidence incorporating records such as a general ledger and accounting of an alleged unpaid promissory note, the person responsible for preparing and maintaining the account general ledger must provide a complete accounting which must be sworn to and dated by the person who maintained the ledger. See *Pacific Concrete F.C.U. V. Kauanoe,* 62 Haw. 334, 614 P.2d 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing Authority* 28 Conn. L. Rptr.

371, (Conn. Super.2000), and *Town of Brookfield v. Candlewood Shores Estates, Inc.* 513 A.2d 1218, 201 Conn.1 (1986). See also *Solon v. Godbole,* 163 Ill. App. 3d 845, 114 Il.

Memorandum in support of the point of law that when jurisdiction is challenged, the party claiming that the court has jurisdiction has the legal burden to prove that jurisdiction was conferred upon the court through the proper procedure. Otherwise, the court is without jurisdiction.

Whenever a party denies that the court has subject-matter jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject matter jurisdiction to provide evidence from the record of the case that the court holds subject-matter jurisdiction. *Bindell v City of Harvey*, 212 Ill.App.3d 1042, 571 N.E.2d 1017 (1st Dist. 1991) ("the burden of proving jurisdiction rests upon the party asserting it."). Until the plaintiff submits uncontroversial evidence of subject-matter jurisdiction to the court that the court has subject-matter jurisdiction, the court is proceeding without subject-matter jurisdiction. *Loos v American Energy Savers, Inc.*, 168 Ill.App.3d 558, 522 N.E.2d 841(1988)("Where jurisdiction is contested, the burden of establishing it rests upon the plaintiff."). The law places the duty and burden of subject-matter jurisdiction upon the plaintiff. Should the court attempt to place the burden upon the defendant, the court has acted against the law, violates the defendant's due process rights, and the judge has immediately lost subject-matter jurisdiction.

## Mandatory judicial notice

Discover Bank is a subset of the debt collection racket, a wide-spread, farreaching scam of artists such as Weltman, Weinberg & Reis Co., L. P.A. How the scam works: In a back room of the Chicago Board of Trade, worthless bundles of commercial paper in the form of copies of charged off debt are sold at auction. The typical face value of the bundles often amounts to tens of millions of dollars. The mortgagees are often  not harmed because they often have hypothecated the loan and have risked nothing. Actors up line from such artists as Weltman, Weinberg & Reis Co., L. P.A. then break apart the bundles and resell the worthless commercial paper in clusters based on the original mortgagee and geographic location. Weltman, Weinberg & Reis Co., L. P.A.   are the actual holders in due course although typically in the scam, artists such as Weltman, Weinberg & Reis Co., L. P.A.

invest as little as 75 cents on the hundred face for the worthless commercial paper, then allege they are third party debt collectors attempting to collect for the original maker of the loan. **This racket is particularly heinous in the case of credit card contracts, which as a continuing series of offers to contract, are non-transferable.** The scam is complete when artists such as Weltman, Weinberg & Reis Co., L. P.A., with the cooperation of a local judge, defraud parties such as John W. Smart and Donna Smart. This scam is wide-spread, far-reaching and the main racket of the private business organizations to which artists such as Weltman, Weinberg & Reis Co., L. P.A.   belong.  For other examples of this racket, see Discover Bank versus Angie G. Walker and Esler C. Walker, Civil Action File number 03-CV-2295, Muscogee County, Georgia,   Discover Bank versus Larry Pasket, case number 03-SC-640, Clark County, Wisconsin, and Discover Bank versus Roger Braker and Sharon A. Braker, case number CS-2003-2488, Oklahoma County, Oklahoma, *Bancorp. V. Carney*, Los Angeles County, California, case number EC 032786, *First USA Bank v. Borum*, Oklahoma County, Oklahoma case number CS 99-332-25, *Bank of America v. Bascom*, County of Monroe, New York, index number 4522/00, *Discounts R. US* (a major syndicate player in the holder in due course fraud racket) *v. Hausler*, General Sessions Court, Smith County, Tennessee, case number 8758-24-179, *Banco Popular v. Plosnich*, DuPage County, Illinois, case number 98 CH 0913, *Citicorp Mortgage v. Tecchio*, Monmouth County, New Jersey, case number F-12473-97, *Direct Merchants Credit Card Bank v. Sommers*, Caddo County, Oklahoma case number CS-2002 116, *Creditors Recovery Corporation v. Choisnard*, Tulsa County, Oklahoma case number CS 02-7225, *First Collection Services v. Elowl*, General Court of Justice, New Hanover County, North Carolina case number 02 SP 338 & 02 SP 598, *CitiMortgage v. Lance*, Court of Common Pleas, County of Orangeburg, South Carolina, docket number 00-CP-38-1033, UMB USA Verus David Majestic, Combined Court Fremont County, Colorado, case number 2003C 000890,  Capital One Bank versus Barbara Davis and Phil C. Davis, Highlands County Michigan, Case number 03-754-SPS, and *Conseco Finance Corporation v. Ray*, Court of Common Pleas, County of Columbia, South Carolina, docket number 00-CP-02-397.


Declaration


- 59 -

Fifteen days from the verifiable receipt of this petition to vacate, an order shall be prepared and submitted to the court for ratification, unless prior to that time, Discover Bank presents a competent fact witness to rebut all articles - one through four - of John W. Smart and Donna Smart's affidavits, making their statements under penalty of perjury, supporting all the rebutted articles with evidence which would be admissible at trial, and sets the matter for hearing.

Prepared and submitted by: _____

Montavius Talley

Certificate of service

I, _____ certify that on _____ 2023, I mailed a true and correct copy of the above and foregoing motion to dismiss via certified mail#70211970000163916353, to Exeter Finance PoBox 369 Carmel IN,46082return receipt requested to 245 N Highland ave ste 230-124 Atlanta ,Ga 30307 :

matter jurisdiction to litigate breach of contract cases. (4). verifying that Ohio municipal courts have subject matter jurisdiction to litigate civil cases involving controversy amounts exceeding fourteen thousand dollars. (5). Verifying that Naomi R. Sweet has a contract with Discover Bank, (6). verifying that Naomi R. Sweet owes Discover Bank money, and (7). Verification that Discover Bank authorized this action **OR,** without each and every one of this items being **verified on the record**, the matter is void.

It is immaterial if the case is closed as there is no statute of limitations applying to void judgments. A "void judgment" as we all know, grounds no rights, forms no defense to actions taken there under, and is vulnerable to any manner of collateral attack (thus here, by ). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not *res judicata*, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been, 10/13/58 *FRITTS v. KRUGH*. SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354 Mich. 97.

Irrespective of whether a party moves to vacate a judgment, Ohio courts have inherent authority to vacate a *void judgment*. *Patton v. Diemer* (1988), 35 Ohio St.3d 68. A *void judgment* is one that is rendered by a court that is "wholly without jurisdiction or power to proceed in that manner." *In re Lockhart* (1952), 157 Ohio St. 192, 195, 105 N.E.2d 35, 37. A judgment is void *ab initio* where a court rendering the judgment has no jurisdiction over the person. *Records Deposition Service, Inc. v. Henderson & Goldberg,*

*P.C.* (1995), 100 Ohio App.3d 495, 502; *Compuserve, Inc. v. Trionfo* (1993), 91 Ohio App.3d 157, 161; *Sperry v. Hlutke* (1984), 19 Ohio App.3d 156. In *Van DeRyt v. Van DeRyt* (1966), 6 Ohio St. 2d 31, 36, 35 Ohio Op. 2d 42, 45, 215 N.E.2d 698,704, we stated, "A court has an inherent power to vacate a *void judgment* because such an order simply recognizes the fact that the judgment was always a nullity." Service of process must be reasonably calculated to notify interested parties of the pendency of an action and afford them an opportunity to respond. A default judgment rendered without proper service is void. A court has the inherent power to vacate a *void judgment*; thus, a party who asserts improper service need not meet the requirements of Civ.R. 60(B). (Emphasis added.) *Emge*, 124 Ohio App.3d at 61, 705 N.E.2d at 408. We note further that appellant's main contention is that the default judgment granted by Judge Connor is void because it was rendered against a non-entity. As will be addressed infra, judgments against non-entities are void. A Civ.R. 60(B) motion to vacate a judgment is not the proper avenue by which to obtain a vacation of a *void judgment*. See *Old Meadow Farm Co. v. Petrowski* (Mar. 2, 2001), *Geauga* App. No. 2000-G-2265, unreported; *Copelco*

*Capital, Inc. v. St. Brighter's Presbyterian Church* (Feb. 1, 2001), *Cuyahoga* App. No. 77633, unreported. Rather, the authority to vacate void judgments is derived from a court's inherent power. *Oxley v. Zacks* (Sept. 29, 2000), I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING MR. FINESILVER'S MOTION TO VACATE *VOID JUDGMENT* WHEN THE UNCONTROVERTED TESTIMONY OF MR. FINESILVER SUBMITTED TO THE TRIAL COURT SHOWS THAT MR. FINESILVER NEVER RECEIVED THE COMPLAINT OF C.E.I., OR NOTICE OF THE PROCEEDINGS IN THE TRIAL COURT. II. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO HOLD A HEARING ON MR. FINESILVER'S MOTION TO VACATE *VOID JUDGMENT* WHEN MR. FINESILVER TESTIFIED THAT HE NEVER

RECEIVED NOTICE OF THE ACTION FILED BY C.E.I. III. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING MR. FINESILVER RECEIVED SERVICE OF THE COMPLAINT WHEN C.E.I. DID NOT OBTAIN SERVICE OF PROCESS AS REQUIRED BY THE OHIO CIVIL RULES. IV. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT MR. FINESILVER WAS SERVED AT A PROPER BUSINESS ADDRESS WHEN MR. FINESILVER HAD LEFT THE STATE AND NO LONGER MAINTAINED ANY PHYSICAL PRESENCE AT SAID BUSINESS ADDRESS. After reviewing the record and the arguments of the parties, we reverse the decision of the trial court. *Cleveland Electric Illuminating Company v. Finesilver*, No. 69363 (Ohio App. Dist.8 04/25/1996). "The authority to vacate a *void judgment* is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." *Patton v. Diemer* (1988), 35 Ohio St.3d 68, paragraph four of the syllabus; *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2000), 87 Ohio St.3d 363, 368. Because a court has the inherent power to vacate a *void judgment*, a party who claims that the court lacked personal jurisdiction as a result of a deficiency in service of process is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B). *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, paragraph one of the syllabus; *Cincinnati School Dist. Bd. of Edn.* at 368; Patton at paragraph three of the syllabus; *Thomas* at 343. See, also *Sweet v. Ludlum* (Aug. 20, 1999), *Portage* App. No. 98-P-0016, unreported, at 7, 1999 Ohio App. LEXIS 3869. The authority to vacate a *void judgment*, therefore, is not derived from Civ. R. 60(B), "but rather constitutes an inherent power possessed by Ohio courts." *Patton, supra*, paragraph four of the syllabus. A party seeking to vacate a *void judgment* must, however, file a motion to vacate or set aside the same. *CompuServe, supra*, at 161. Yet to be entitled to relief from a *void judgment*, a movant need not present a meritorious defense or show that the motion was timely filed under Civ. R. 60(B). ("A *void judgment* is one entered either without jurisdiction of the person or of the subject matter." *Eisenberg v. Peyton* (1978), 56 Ohio App.2d 144, 148. A motion to vacate a *void judgment*, therefore, need not comply with the requirements of Civ.R. 60(B) which the petitioner ordinarily would assert to seek relief from a jurisdictionally valid judgment. *Demianczuk v. Demianczuk* (1984), 20 Ohio App.3d 244, 485 N.E.2d 785. Entry was void because it constituted a modification of a property division

without a reservation of jurisdiction to do so--an act the court may not perform under *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, at paragraph one of the syllabus, and our opinion in *Schrader v. Schrader* (1995), 108 Ohio App.3d 25. Because the notices required by R.C. Chapter 5715 were not given to Candlewood prior to the BOR's July 2, 1997 hearing and after its August 18, 1997 decision, and no voluntary appearance was made by Candlewood, the BOR's August 18, 1997 decision is a nullity and void as regards Candlewood. As one Texas appellate court so aptly stated concerning a ***void judgment***, "[i]t is good nowhere and bad everywhere." *Dews v. Floyd* (Tex.Civ.App.1967), 413 S.W.2d 800, 804. A court has an inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." The term "inherent power" used in the two preceding cases is defined in Black's Law Dictionary (6 Ed.1990) 782 as "[a]n authority possessed without its being derived from another. A right, ability, or faculty of doing a thing, without receiving that right, ability, or faculty from another." Because this claim challenged the subject matter jurisdiction of the trial court, it was not barred by res judicata because a ***void judgment*** may be challenged at any time. See *State v. Wilson* (1995), 73 Ohio St.3d 40, 45-46, 652 N.E.2d 196, 200, fn. 6. If the trial court was without subject matter jurisdiction of defendant's case, his conviction and sentence would be void *ab initio*. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus. A ***void judgment*** is a mere nullity, and can be attacked at any time. *Tari v. State* (1927), 117 Ohio St. 481, 494, 159 N.E. 594, 597-598.  A movant, however, need not present a meritorious defense to be entitled to relief from a ***void judgment***. *Peralta v. Heights Med. Ctr., Inc.* (1988), 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75. Nor must a movant show that the motion was timely filed under the guidelines of Civ.R. 60(B) if a judgment is void. *In re Murphy* (1983), 10 Ohio App.3d 134, 10 OBR 184, 461 N.E.2d 910; *Satava v. Gerhard* (1990), 66 Ohio App.3d 598, 585 N.E.2d 899; see, generally, *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 11 OBR 166, 463 N.E.2d 417.

<u>**This court is further noticed: the magistrate's recommendation was SENT TO THE WRONG ADDRESS.**</u>

Prepared and submitted by: _____

## MONTAVIUS TALLEY

Certificate of service

I, Naomi R Sweet  certify that _____ 2003,I mailed a true and correct copy of the above and foregoing motion to dismiss via certified mail, return receipt requested to: Discover Bank  agent for service of process.

_____

Naomi R. Sweet

Copy to: (attorney general)

Montavious
Talley
     Plantiff
  Vs
Exeter finance:Bradd Martin
Jason Grubb
     Defendants

Plantiffs objection to magistrate recommendation
Montavious Talley objection to the Magistrate recommendation that Montavious Talley motion to vacate be denied.

     Grounds for objection
No court has authority to deny a jurisdiction challenge .A jurisdiction challenge.A jurisdiction challenge is only resolved one of two ways: (1) The party asserting jurisdiction,in this case Discover Bank,proving jurisdiction by showing on the record that (1) Corporations have standing

-60-

to sue in the municipal courts of Ohio, (2). that Discover Bank has standing to sue in Ohio courts by virtue of being duly registered as "Discover Bank," or by "Discover Bank" meeting the minimum contacts requirements for *in personam* jurisdiction, (3). Verifying that Ohio municipal courts have subject matter jurisdiction to litigate breach of contract cases. (4). verifying that Ohio municipal courts have subject matter jurisdiction to litigate civil cases involving controversy amounts exceeding fourteen thousand dollars. (5). Verifying  that Naomi R. Sweet has a contract with Discover Bank, (6). verifying that Naomi R. Sweet owes Discover Bank money, and (7). Verification  that Discover Bank authorized this action **OR,** without each and every one of this items being **verified on the record**, the matter is void.

It is immaterial if the case is closed as there is no statute of limitations applying to void judgments. A "void judgment" as we all know, grounds no rights, forms no defense to actions taken there under, and is vulnerable to any manner of collateral attack (thus here, by ). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not *res judicata*, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been. 10/13/58 *FRITTS v. KRUGH*. SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354 Mich. 97.

Notice to the court

Irrespective of whether a party moves to vacate a judgment, Ohio courts have inherent authority to vacate a ***void judgment***. *Patton v. Diemer* (1988), 35 Ohio St.3d 68. A ***void judgment*** is one that is rendered by a court that is "wholly without jurisdiction or power to proceed in that manner." *In re Lockhart* (1952), 157 Ohio St. 192, 195, 105 N.E.2d 35, 37. A judgment is void *ab initio* where a court rendering the judgment has no jurisdiction over the person. *Records Deposition Service, Inc. v. Henderson & Goldberg, P.C.* (1995), 100 Ohio App.3d 495, 502; *Compuserve, Inc. v. Trionfo* (1993), 91 Ohio App.3d 157, 161; *Sperry v. Hlutke* (1984), 19 Ohio App.3d 156. In *Van DeRyt v. Van DeRyt* (1966), 6 Ohio St. 2d 31, 36, 35 Ohio Op. 2d 42, 45, 215 N.E.2d 698,704, we stated, "A court has an inherent power to vacate a ***void judgment*** because such an order simply recognizes the fact that the judgment was always a nullity." Service of process must be

reasonably calculated to notify interested parties of the pendency of an action and afford them an opportunity to respond. A default judgment rendered without proper service is void. A court has the inherent power to vacate a *void judgment*; thus, a party who asserts improper service need not meet the requirements of Civ.R. 60(B). (Emphasis added.) *Emge*, 124 Ohio App.3d at 61, 705 N.E.2d at 408. We note further that appellant's main contention is that the default judgment granted by Judge Connor is void because it was rendered against a non-entity. As will be addressed infra, judgments against non-entities are void. A Civ.R. 60(B) motion to vacate a judgment is not the proper avenue by which to obtain a vacation of a *void judgment*. See *Old Meadow Farm Co. v. Petrowski* (Mar. 2, 2001), *Geauga* App. No. 2000-G-2265, unreported; *Copelco Capital, Inc. v. St. Brighter's Presbyterian Church* (Feb. 1, 2001), *Cuyahoga* App. No. 77633, unreported. Rather, the authority to vacate void judgments is derived from a court's inherent power. *Oxley v. Zacks* (Sept. 29, 2000),  I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING MR. FINESILVER'S MOTION TO VACATE *VOID JUDGMENT* WHEN THE UNCONTROVERTED TESTIMONY OF MR. FINESILVER SUBMITTED TO THE TRIAL COURT SHOWS THAT MR. FINESILVER NEVER RECEIVED THE COMPLAINT OF C.E.I., OR NOTICE OF THE PROCEEDINGS IN THE TRIAL COURT. II. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO HOLD A HEARING ON MR. FINESILVER'S MOTION TO VACATE *VOID JUDGMENT* WHEN MR. FINESILVER TESTIFIED THAT HE NEVER RECEIVED NOTICE OF THE ACTION FILED BY C.E.I. III. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING MR. FINESILVER RECEIVED SERVICE OF THE COMPLAINT WHEN C.E.I. DID NOT OBTAIN SERVICE OF PROCESS AS REQUIRED BY THE OHIO CIVIL RULES. IV. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT MR. FINESILVER WAS SERVED AT A PROPER BUSINESS ADDRESS WHEN MR. FINESILVER HAD LEFT THE STATE AND NO LONGER MAINTAINED ANY PHYSICAL PRESENCE AT SAID BUSINESS ADDRESS. After reviewing the record and the arguments of the parties, we reverse the decision of the trial court. *Cleveland Electric Illuminating Company v. Finesilver*, No. 69363 (Ohio App. Dist.8 04/25/1996). "The authority to vacate a *void judgment* is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio

courts." *Patton v. Diemer* (1988), 35 Ohio St.3d 68, paragraph four of the syllabus; *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2000), 87 Ohio St.3d 363, 368. Because a court has the inherent power to vacate a *void judgment*, a party who claims that the court lacked personal jurisdiction as a result of a deficiency in service of process is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B). *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, paragraph one of the syllabus; *Cincinnati School Dist. Bd. of Edn.* at 368; Patton at paragraph three of the syllabus; *Thomas* at 343. See, also *Sweet v. Ludlum* (Aug. 20, 1999), *Portage* App. No. 98-P-0016, unreported, at 7, 1999 Ohio App. LEXIS 3869. The authority to vacate a *void judgment*, therefore, is not derived from Civ. R. 60(B), "but rather constitutes an inherent power possessed by Ohio courts." *Patton, supra*, paragraph four of the syllabus. A party seeking to vacate a *void judgment* must, however, file a motion to vacate or set aside the same. *CompuServe, supra*, at 161. Yet to be entitled to relief from a *void judgment*, a movant need not present a meritorious defense or show that the motion was timely filed under Civ. R. 60(B). ("A *void judgment* is one entered either without jurisdiction of the person or of the subject matter." *Eisenberg v. Peyton* (1978), 56 Ohio App.2d 144, 148. A motion to vacate a *void judgment*, therefore, need not comply with the requirements of Civ.R. 60(B) which the petitioner ordinarily would assert to seek relief from a jurisdictionally valid judgment. *Demianczuk v. Demianczuk* (1984), 20 Ohio App.3d 244, 485 N.E.2d 785. Entry was void because it constituted a modification of a property division without a reservation of jurisdiction to do so--an act the court may not perform under *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, at paragraph one of the syllabus, and our opinion in *Schrader v. Schrader* (1995), 108 Ohio App.3d 25. Because the notices required by R.C. Chapter 5715 were not given to Candlewood prior to the BOR's July 2, 1997 hearing and after its August 18, 1997 decision, and no voluntary appearance was made by Candlewood, the BOR's August 18, 1997 decision is a nullity and void as regards Candlewood. As one Texas appellate court so aptly stated concerning a *void judgment*, "[i]t is good nowhere and bad everywhere." *Dews v. Floyd* (Tex.Civ.App.1967), 413 S.W.2d 800, 804. A court has an inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." The term "inherent power" used in the two preceding cases is defined in Black's Law Dictionary (6 Ed.1990) 782 as "[a]n authority

possessed without its being derived from another. A right, ability, or faculty of doing a thing, without receiving that right, ability, or faculty from another." Because this claim challenged the subject matter jurisdiction of the trial court, it was not barred by res judicata because a *void judgment* may be challenged at any time. See *State v. Wilson* (1995), 73 Ohio St.3d 40, 45-46, 652 N.E.2d 196, 200, fn. 6. If the trial court was without subject matter jurisdiction of defendant's case, his conviction and sentence would be void *ab initio*. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus. A *void judgment* is a mere nullity, and can be attacked at any time. *Tari v. State* (1927), 117 Ohio St. 481, 494, 159 N.E. 594, 597-598. A movant, however, need not present a meritorious defense to be entitled to relief from a *void judgment*. *Peralta v. Heights Med. Ctr., Inc.* (1988), 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75. Nor must a movant show that the motion was timely filed under the guidelines of Civ.R. 60(B) if a judgment is void. *In re Murphy* (1983), 10 Ohio App.3d 134, 10 OBR 184, 461 N.E.2d 910; *Satava v. Gerhard* (1990), 66 Ohio App.3d 598, 585 N.E.2d 899; see, generally, *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 11 OBR 166, 463 N.E.2d 417.

**This court is further noticed: the magistrate's recommendation was SENT TO THE WRONG ADDRESS.**

Prepared and submitted by: _Montavius Talley_

MONTAVIUS TALLEY

Certificate of service

I, Naomi R Sweet  certify that _____ 2003,I mailed a true and correct copy of the above and foregoing motion to dismiss via certified mail, return receipt requested to: Discover Bank  agent for service of process.

Naomi R. Sweet

Copy to: (attorney general)

Montavius Talley
245 N Highland ave Ne ste
230-124 Atlanta ,ga 30307
Respondent

IN THE
NATIONAL ARBITRATION FORUM

:
:
:                    NOTICE OF OBJECTION TO ARBITRATION
:
:                            RULE 13A(2)

Exeter Finance          :

                  : :
                  :CASE NO-1-23-CV-3636-VMC-JEM
                  :
    V.            :
                  :
                  :
MONTAVIUS TALLEY  :
                  :
                  :
    Respondent,   :
                  :
                  :

## POINTS AND AUTHORITIES

Montavius Talley , Respondent, hereby asserts Respondent's objection to this claim for
the following reasons as instructed pursuant to Rule 13A of the National Arbitration
Forum Code of Procedure July 1, 2002 hereafter, the Code:

## STATEMENT OF CASE

1.  Claimant has submitted a claim to this Forum stating that this is a claim for money and
    other relief.

## BASIS FOR OBJECTION TO ARBITRATE

2.   I reject this claim as filed on the basis that this forum lacks both Personal and Subject matter jurisdiction in this matter and has failed to comply with the rules of the Code. Based on the documentation I have received from this forum and the Claimant I have reason to believe that this claim as filed lacks several key elements required to be considered a valid claim and I demand strict proof thereof:

   a.   Rule 1 of the Code states that both parties agree to arbitrate. I have never agreed to waive my right to meaningful access to due process by way of contract.

   b.   Rule 12A (2) of the Code requires that the initial claim shall include: a copy of the Arbitration Agreement or notice of the location of a copy of the Arbitration Agreement;

   c.   Rule 12 A (3) of the Code requires a copy documents that support the Claim.

   d.   Rule 12 A (4) of the Code requires an affidavit asserting that statements and documents in the Claim are accurate.

   e.   Rule 12 A (5) of the Code requires that the appropriate Filling Fee be paid.

   f.   Rule 12 B Requires that Claimant promptly file with the forum proof of service of the initial Claim on the Respondent.

   g.   Rule 20 A of the Code indicates that the Arbitrator has powers provided by the code, the agreement of the Parties and the applicable Substantive law.

   h.   Rule 20 C of the Code indicates that the Arbitrator does not have the power to decide matters not properly submitted under this code.

LAW AND ARGUMENT

## NO VALID AGREEMENT TO ARBITRATE

3.   Claimant has filed a claim with this forum listing false and misleading allegations regarding the agreement to arbitrate. Arbitration Agreement is clearly defined in the Code under Rule 2 C and is requirement in order to establish the existence of a valid claim. Without first establishing the existence of this agreement any ruling rendered by this forum for either party would be void on its face for lack of personal and subject matter jurisdiction.

4.   The courts have upheld that a party who has not agreed to arbitrate a dispute cannot be forced to do so. In addition is has been established that the party making the claim must show that the respondent in the claim was made aware of the arbitration agreement, and that they agreed to its provisions. *Casteel v. Clear Channel Broad., Inc.*

10. "Federal law preempts state law on issues of arbitrability." *Three Valleys Mun. Water Dist. v. E.F. Hutton* (9th Cir. 1991) 925 F.2d 1136, 1139. "...a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the *existence* of an agreement to arbitrate. Only a court can make that decision." *Three Valleys Mun. Water Dist. v. E.F. Hutton*, at 1140/1141.

11. 9 USC Sec. 2 requires a written agreement to arbitrate. The requirement is jurisdictional. Without a written agreement, the FAA does not apply. Further, there is no requirement under the FAA mandating that the jurisdictional defense of "no agreement to arbitrate" be raised within a particular period of time.

12. In the alternative, even with Claimant's assertion that there was an agreement to arbitrate, the alleged agreement is unenforceable. In *Badie v. Bank of America*, 67 Cal.App 4th 779, although a California case, the appellate court held that the alleged agreements in the terms and conditions cannot be construed as agreement to arbitrate. Therefore, even if Respondent had received an agreement to arbitration notice, it would be unenforceable. The court stated that "the initial step in determining whether there is an enforceable ADR agreement between a bank and its customers involves applying ordinary state law principles that govern the formation and interpretation of contracts in order to ascertain whether the parties have agreed to some alternative form of dispute resolution. Under both federal and California state law, arbitration is a matter of contract between the parties." (*First Options of Chicago, Inc.* v. *Kaplan* (1995) 514 U.S. 938, 944-945; see also *Mastrobuono* v. S*hearson Lehman Hutton, Inc.* (1995) 514 U.S. 52, 56-57, 62-63; *Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1, 8.) As the United States Supreme Court has stated, "The 'liberal federal policy favoring arbitration agreements,' [citation] . . . is at bottom a policy guaranteeing the enforcement of private contractual arrangements." (*Mitsubishi Motors* v. *Soler ChryslerPlymouth* (1985) 473 U.S. 614, 625; see also *Volt Info. Sciences* v. *Leland Stanford Jr. U.* (1989) 489 U.S. 468, 478.) Similarly, the California Supreme Court has stated that, "[T]he policy favoring arbitration cannot displace the necessity for a voluntary *agreement* to arbitrate." (*Victoria* v. *Superior Court* (1985) 40 Cal.3d 734, 739, italics in original.) "Although '[t]he law favors contracts for arbitration of disputes between parties' [citation omitted], ' "there is no policy compelling

5.   Arbitration is a matter of contract, and a party cannot be compelled or required to submit to arbitration any dispute he has not agreed to submit.  A party who has not agreed to arbitrate a dispute cannot be forced to relinquish the right to trial.

6.   Further, under the first step in analysis to decide whether a dispute must be arbitrated under the Federal Arbitration Act (FAA), a party may challenge the validity of an arbitration agreement under general contract principles.  9 U.S.C.A. Sec.1 et seq.; See also *In Re David's Supermarkets, Inc*. 43 S.W.3d 94 (2001).  In addition, the federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead ordinary contract principles determine who is bound. 9 U.S.C.A Sec. 1 et seq.; *Fleetwood Enterprises, Inc. v. Gaskamp*,  280 F.3d 1069, opinion supplemental on denial of rehearing 303 F.3d 453.

7.   Claimant claims that there was an alleged agreement to arbitrate.  This would then be governed by provisions under the FAA. Even under the FAA, there must be evidence of a valid agreement. Courts are clear in upholding an agreement to arbitrate must be clear to both parties.  Otherwise, the legislative intent of arbitration is abused and devalued.  In *Stout v. Byrider*, 50 F.Supp.2d 733, affirmed 228 F.3d 709, the court held that arbitration is a matter of contract, and thus, a party cannot be compelled to arbitrate any claims he or she did not agree to arbitrate when making the contract.  In the case at hand, Claimant never agreed to arbitration. Claimant never received any agreement or contract, or information regarding an arbitration clause.

8.   The Federal Arbitration Act, 9 U.S.C.A., provides that the purpose of arbitration is to give arbitration agreements the same force and effect as other contracts, where parties expressly agree to submit to disputes to arbitration.     Further, there must be a clear agreement to arbitrate.  In the case at hand, Respondent did not receive notice or agreement to arbitrate, nor did Respondent ever expressly agree to arbitration.  On this basis it is reasonable to assume that Respondent was also not notified of his/her right to opt out of this provision with out impunity.

9.   No arbitration agreement exists between Respondent and Claimant whatsoever, and none of Respondent's arguments should be construed to mean that such agreement exists.

<u>NO JURISDICTION UNDER THE FAA</u>

- 11 -

persons to accept arbitration of controversies which they have not agreed to arbitrate . . . ." ' [Citation omitted.]" (*Id.* at pp. 744; see also *Arista Films, Inc.* v. *Gilford Securities, Inc.* (1996) 43 Cal.App.4th 495, 501; *Chan* v. *Drexel Burnham Lambert, Inc.* (1986) 178 Cal.App.3d 632, 640.).

13. *Myers v. MBNA America and North American Capitol Corporation,* CV 00-163M-DWM (D.Mont., March 20, 2001), although not an appellate case, is similar in ruling as the above mentioned *Badie* case.  The judge ruled that a mandatory arbitration clause cannot be enforced.  In that case, the arbitration clause in the alleged credit card agreement was held unenforceable because the defendant never agreed under the contractual relationship between parties to arbitrate her dispute with MBNA.  The judge found that no such agreement could be implied. The judge further stated that "MBNA skipped offer and went straight to acceptance. . . if MBNA's argument that Myers agreed to arbitration . . . there would be no reason to stop at arbitration. . . MBNA could amend the agreement to include a provision taking a security interest in Myers' home or requiring Myers to pay a penalty if she failed to convince three friends to sign up for MBNA cards." *Id.*

WHEREFORE, there is no consent or agreement on the part of Respondent to arbitrate, Respondent respectfully requests that this matter be dismissed as outlined in the Code Rule 41 A.

*Montavious Talley*

Montavious Talley

## CERTIFICATE OF SERVICE

The undersigned parties hereby certifies that on _____ a copy of the foregoing document was duly served upon the Claimant by depositing same in the United States Mail, certified mail# 70211970000163916322 , via facsimile and/or hand delivered at their last known addresses :The National Arbitration Forum (ADR) ,Minneapolis ,MN 55405,P.o.box 50191      __

*STATE OF GEORGIA*     *     *DISTRICT COURT*     *     *FULTON COUNTY*

MONTAVIUS TALLEY ,
245 N Highland ave ,
Ste 230-124
Atlanta ,Ga 30307-1912

                          Plaintiff,

Vs.                                     Case No. :1:23:CV-3636-VMC

EXETER Finance
PO Box 396 Carmel,IN,46082
        Defendants


                Plantiffs  request for admissions to defendant  Exeter Finance

To: Exeter Finance (please note: where discovery requests are directed to a corporation, counsel for the corporation is required to nominate officers of the corporation to answer). Plaintiff , Montavius Talley , submits the following request for admissions to defendant Exeter Finance  l. You are required to answer each request for admissions separately and fully, in writing, under oath, and to serve a copy of the responses upon the Plantiff within (30) days after service of these requests for admissions.

                          Instructions

1.      These requests for admissions are directed toward all information known or available to Exeter Finance including information contained in the records and documents in Exeter Finance  custody or control or available to Exeter Finance upon  reasonable inquiry. Where requests for admissions cannot be answered in full, they shall be answered as completely as possible and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer and of whatever actual knowledge is possessed with respect to each unanswered or incompletely answered request for admission.

2.      Each request for admissions is to be deemed a continuing one. If, after serving an answer to any request for an admission, you obtain or become aware of any further information pertaining to that request for admission, you are requested to serve a supplemental answer setting forth such information.

3.      As to every request for an admission which you fail to answer in whole or in part, the subject matter of that admission will be deemed confessed and stipulated as fact to the court.

### Definitions

a.      "You" and "your" include Exeter Finance and any and all persons acting for or in concert with Exeter Finance

b.      "Document" includes every piece of paper held in your possession or generated by you.

### Requests for admissions

First admission: Admit or deny that Exeter Finance is not licensed to do business in GEORGIA by virtue of being registered with the Secretary of State or the Secretary of State of Banking and nominating an agent for service of process.

Admitted____

Denied____

Second admission: Admit or deny that officers of Exeter Finance  has no regular, systematic way of doing business in GEORGIA , also known as "minimum contacts."

Admitted____

Denied____

Third admission: Admit or deny that Exeter Finance charter does not authorize Exeter Finance  engage in consumer lending.

Admitted____

Denied____

Fourth admission: Admit or deny that Exeter Finance  charter does not authorize Exeter Finance to bring suits in foreclosure of consumer debts.

Admitted____

Denied____

Fifth admission: Admit or deny that Admit or deny that Exeter Finance is not the present holder of a contract with Montavius Talley

Admitted____

Denied____

Admitted____

Denied____

Thirteenth admission: Admit or deny thatRAUSCH,,STURM,STURM,ISREAL,& HORNIK cannot be affected financially by the outcome of litigation against Montavius Talley as if the suit is lost, it is EXETER FINANCE 's loss and if the suit is won, it is RAUSCH, STURM, ISRAEL & HORNIK, S.C.'s win.

Admitted____

Denied____

_____   _____

   Print name                    title            Officer of Exeter Finance

        State of _____

        County of _____

            Before me this day appeared _____, known to me as the

        person who made the above and foregoing statements of his own free will.

        My commission expires _____

                                    _____

                                              Notary

Prepared and submitted by: _Montavius Talley_

                    Montavius Talley

                    Certificate of service

I, _____, certify that on _____ ____, 2023, I mailed a true and correct copy of the above and foregoing request for admissions via certified mail70211970000163916346 to POBOX 369 Carmel,IN 46082 ,return receipt requested to:Notary acceptor Ricky Gaines PoBox 182 Stockbridge ,Ga 30218

                    _____

*STATE OF GEORGIA        *        DISTRICT COURT        *        FULTON COUNTY*

,

Sixth admission: Admit or deny that Admit or deny that Exeter Finance purchased the contract which Exeter Fiannce Montavius Talley

Admitted____

Denied____

Seventh admission: Admit or deny that Exeter Finance has been informed by counsel that a credit card contract is a continuing series of offers to contract and as such is not transferable.

Admitted____

Denied____

Eighth admission: Admit or deny that Exeter Finance never had anything at risk in the contract with Montavius Talley

Admitted____

Denied____

Ninth admission: Admit or deny that Exeter Finance possess no account and general ledger statement verifying that Montavius Talley presently owes Exeter Finance money.

Admitted____

Denied____

Tenth admission: Admit or deny that officers of Exeter Finance know and understand that after a credit card is charged off, it is common practice to sell the charged off debt to lawyers in the debt collection business for deep discounts.

Admitted____

Denied____

Eleventh admission: Admit or deny that officers of Exeter Finance now and understand that attorneys who purchase evidence of debt and then file lawsuits in the name of the original maker of the debt are committing felony fraud.

Admitted____

Denied____

Twelfth admission: Admit or deny that officers of Exeter Finance know and understand that EXETER FINANCE routinely purchases evidence of debt from SUTHERLIN MALL OF GA , then relies on Exeter Finance to aid and abet felony fraud.